UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| | Case No. 2:12-CV-00367-VEB |
| IVAN C. REUTOV, | |
| Plaintiff, | DECISION AND ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

In September of 2008, Plaintiff Ivan C. Reutov applied for Supplemental Security Income ("SSI") benefits and Disability Insurance Benefits ("DIB") under

the Social Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by the Law Office of Dana C. Madsen, Maureen J. Rosette Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 6).

On February 3, 2014, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 27).

## II. BACKGROUND

The procedural history may be summarized as follows:

On September 24, 2008, Plaintiff applied for SSI benefits and DIB, alleging disability beginning January 1, 2006. (T at 21, 171-77, 178-81).[1]  The applications were denied initially and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  On September 21, 2010, a hearing was held before ALJ James W. Sherry. (T at 39).  Plaintiff appeared with an attorney and testified with the aid of a

---

[1] Citations to ("T") refer to the administrative record at Docket Nos. 11 & 12.

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

Russian interpreter. (T at 39, 46-59). The ALJ also received testimony from Daniel McKinney, a vocational expert. (T at 59-70).

On November 3, 2010, ALJ Sherry issued a written decision denying the applications for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act.  (T at 18-31).   The ALJ's decision became the Commissioner's final decision on April 11, 2012, when the Social Security Appeals Council denied Plaintiff's request for review.  (T at 1-6).

On May 29, 2012, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 5). The Commissioner interposed an Answer on August 7, 2012. (Docket No. 10).

Plaintiff filed a motion for summary judgment with a supporting memorandum of law on January 14, 2013. (Docket No. 15, 16).  The Commissioner moved for summary judgment on March 14, 2013. (Docket No. 22).  Plaintiff filed a reply memorandum of law in further support of his motion on March 20, 2013. (Docket No. 23).   As noted above, the parties consented to the jurisdiction of a Magistrate Judge. (Docket No. 6).

For the reasons set forth below, the Commissioner's motion is granted and Plaintiff's motion is denied and the matter is dismissed.

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

# III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§

1   404.1520(a)(4)(ii), 416.920(a)(4)(ii).

2       If plaintiff does not have a severe impairment or combination of impairments,

3   the disability claim is denied. If the impairment is severe, the evaluation proceeds to

4   the third step, which compares plaintiff's impairment with a number of listed

5   impairments acknowledged by the Commissioner to be so severe as to preclude

6   substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20

7   C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

8   impairments, plaintiff is conclusively presumed to be disabled. If the impairment is

9   not one conclusively presumed to be disabling, the evaluation proceeds to the fourth

10  step, which determines whether the impairment prevents plaintiff from performing

11  work which was performed in the past. If a plaintiff is able to perform previous work

12  that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv),

13  416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is

14  considered. If plaintiff cannot perform past relevant work, the fifth and final step in

15  the process determines whether plaintiff is able to perform other work in the national

16  economy in view of plaintiff's residual functional capacity, age, education and past

17  work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v.*

18  *Yuckert*, 482 U.S. 137 (1987).

19      The initial burden of proof rests upon plaintiff to establish a *prima facie* case

20

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

1  **C.   Commissioner's Decision**

2       The ALJ found that Plaintiff had not engaged in substantial gainful activity

3  since January 1, 2006, the alleged onset date, and met the insured status

4  requirements of the Social Security Act through June 30, 2009. (T at 23). The ALJ

5  determined that Plaintiff's degenerative disc disease was a medically determinable

6  impairment, but that it was not a "severe" impairment as defined under the Act. (T at

7  23-27).  As such, the ALJ concluded that Plaintiff had not been under a disability, as

8  defined under the Act, from January 1, 2006 (the alleged onset date) through

9  November 3, 2010 (the date of the ALJ's decision) and was therefore not entitled to

10  benefits. (T at 27). As noted above, the ALJ's decision became the Commissioner's

11  final decision on April 11, 2012, when the Appeals Council denied Plaintiff's

12  request for review. (Tr. 1-6).

13  **D.   Plaintiff's Argument**

14       This case presents a single issue – whether the ALJ's step two analysis

15  concerning the severity of Plaintiff's degenerative disc disease was consistent with

16  applicable law and supported by substantial evidence.

17

18

19

20

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

# IV. ANALYSIS

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a "severe" impairment. See 20 C.F.R. §§ 404.1520(c), 416.920(c).  The fact that a claimant has been diagnosed with and treated for a medically determinable impairment does not necessarily mean the impairment is "severe," as defined by the Social Security Regulations. *See, e.g.*, *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Key v. Heckler*, 754 F.2d 1545, 1549-50 (9th Cir. 1985). To establish severity, the evidence must show the diagnosed impairment significantly limited the claimant's physical or mental ability to do basic work activities for at least 12 consecutive months. 20 C.F.R. § 416.920(c).

The step two analysis is a screening device designed to dispose of *de minimis* complaints. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). "[A]n impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen*, 841 F.2d 303 (9th Cir. 1988) (quoting SSR 85-28).  The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. Basic work activities include: "walking, standing, sitting, lifting,

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.*

In this case, the ALJ found that Plaintiff's degenerative disc impairment did not cause significant vocational limitations for at least 12 consecutive months and, therefore, it was a non-severe impairment. (T at 27). This Court finds that the ALJ's decision was supported by substantial evidence.

Plaintiff alleged an onset date of January 1, 2006. However, the earliest treatment record is dated March 17, 2006, and concerns Plaintiff receiving a blood test preliminary to an extended overseas trip. (T at 297). No reference is made to any complaints of back or other pain. (T at 297). There is an indication that Plaintiff next visited a physician on or about January 24, 2007, but the record contains no evidence concerning the substance of that appointment. (T at 302). Plaintiff was seen at the Spokane Falls Family Clinic on June 1, 2007, and complained of dizziness. (T at 295). There is no indication that Plaintiff complained of back pain and/or lumbar issues. (T at 295-96).

On August 10, 2007, Plaintiff saw Dr. Christopher Goodwin at the Spokane Family Clinic and requested a handicap parking placard. (T at 294). Plaintiff complained that he had difficulty walking due to neck and low back pain, as well as

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

balance problems. (T at 294).  Dr. Goodwin assessed degenerative disc disease of the neck and lumbar spine and filled out the handicap placard, but made no other findings and cited no imaging studies. (T at 294).

According to the record, Plaintiff's next visit to his physician occurred more than four (4) months later, on December 21, 2007, following a motor vehicle accident. (T at 297-98).  Plaintiff complained that the accident had aggravated his chronic neck, shoulder, and back pain. (T at 297).  Dr. Goodwin assessed "mild residual aches and pains" related to the motor vehicle accident, with "[n]o acute findings." (T at 293).

On January 22, 2008, Plaintiff was seen at the Lake Spokane Community Health Center.  He was seeking a prescription medication refill in advance of a planned trip to Mexico. (T at 332).  Derek Whitehall, a physician's assistant, noted a diagnosis of chronic back pain, but described Plaintiff's spine as aligned, with full range of motion and negative straight leg test results. (T at 332).

Mr. Whitehall treated Plaintiff again in March of 2008 for high blood pressure.  He described Plaintiff as in "no obvious discomfort or distress." (T at 331).  Although Mr. Whitehall noted Plaintiff's history of chronic back pain, he did not report any limitations or concerns related to that condition. (T at 331).  A

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

treatment note from November of 2008 referenced back pain secondary to blood pressure issues. (T at 329-30).

On January 15, 2009, Dr. Peter Weir conducted a consultative examination. Dr. Weir reported that Plaintiff ambulated without a limp. (T at 339).  Although Plaintiff used a cane in his right hand, Dr. Weir noted that he did not appear to bear any weight on the cane. (T at 339).  According to Dr. Weir, Plaintiff showed poor effort on his range of motion and muscle strength testing, making the test results invalid. (T at 341).  Dr. Weir diagnosed degenerative disc disease of the cervical and lumbar spine, but opined that Plaintiff's ability to stand, walk, and sit throughout an 8-hour day was not restricted. (T at 341).  He also opined that Plaintiff did not require the use of an assistive device and that his ability to lift and/or carry was not restricted. (T at 341).  Dr. Weir found no postural issues, environmental limitations, or any problems with manual dexterity. (T at 341).  He concluded that Plaintiff's "complaints of pain [were] subjective and not support[ed] by objective findings." (T at 341).

An MRI of Plaintiff's spine in February of 2009 noted mild or minimal findings. (T at 374-74).  The report noted no significant change since an earlier MRI, conducted in July of 2002 (well before the alleged onset date). (T at 374).  An MRI

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

from February of 2010 found "[s]table degenerative spondylosis of the lumbar spine" when compared to the 2002 MRI. (T at 386).

The foregoing evidence provides ample support for the ALJ's conclusion that Plaintiff's condition was not severe. Plaintiff challenges this conclusion and cites an April 2009 report from Marty Malone, a physician's assistant and treating provider. Mr. Malone noted decreased range of motion, sensation, and muscle strength. (T at 379). He assessed moderate to marked limitations with basic work-related activities related to neck and lower back pain. (T at 380). Mr. Malone opined that Plaintiff would be limited to sedentary work. (T at 380).

The ALJ gave little weight to Mr. Malone's assessment, noting that he was not an acceptable medical source. (T at 26). In addition, the ALJ found Mr. Malone's opinion contradicted by the evidence and based primarily on Plaintiff's subjective complaints, which the ALJ considered not fully credible. (T at 26). This Court finds no reversible error in the ALJ's assessment.

The Social Security Regulations provide that "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of ... impairment(s)...." 20 C.F.R. § 404.1527(a)(2). Section 404.1513(a) lists five categories of "acceptable medical sources." Physician's assistants are not listed in any of these categories.

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

1  Rather, these providers are listed in a separate section, under "other sources" whose

2  "[i]nformation ... may ... help us to understand how [the] impairment affects your

3  ability to work." Id. (citing 20 C.F.R. § 404.1513(e) (1994)).

4  An ALJ is required to "consider observations by non-medical sources as to

5  how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d

6  1226, 1232 (9th Cir. 1987); *see also* SSR 06-03p. The ALJ must provide "germane"

7  reasons before discounting "other source" opinions. *Dodrill v. Shalala*, 12 F.3d 915

8  (9th Cir. 1993).

9  Here, the ALJ recognized and discussed Mr. Malone's opinion (T at 26).

10  Given the evidence outlined above (including, in particular, the MRI results,

11  relatively sparse treatment history, and consultative examiner's assessment), it was

12  not unreasonable for the ALJ to conclude that Mr. Malone's opinion was based

13  substantially on Plaintiff's subjective complaints. The lack of medical support for a

14  medical source's opinion based substantially on a claimant's subjective complaints

15  of pain is a legitimate reason for discounting the opinion. *Flaten v. Secretary of

16  Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).  Notably, the ALJ

17  found Plaintiff's complaints less than credible (T at 26-27), a finding consistent with

18  the consultative examiner's doubts concerning Plaintiff's effort (T at 341), and a

19  finding not challenged by Plaintiff before this Court.

20

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

1    Plaintiff contends that Mr. Malone's opinion should have been considered a

2    treating physician's opinion because the physician's assistant worked in

3    collaboration with a doctor.  In *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1234

4    (9th Cir. 2011), the Ninth Circuit concluded that a nurse practitioner should be

5    considered an "acceptable medical source" to the extent he or she "was working

6    closely with, and under the supervision of" a physician.  The same logic has been

7    applied to the opinion of a physician's assistant. *See Molina v. Astrue*, 674 F.3d

8    1104, 1111 (9th Cir. 2012).  However, the physician's assistant must be working

9    "under a physician's close supervision." *Id.* at 1111.

10    Here, although Dr. June Goodman signed off on several of Mr. Malone's

11    treatment notes (T at 389, 393, 395, 400, 403), she does not appear to have reviewed

12    or signed off on the April 2009 opinion. (T at 381).  As such, it is not clear whether

13    Mr. Malone developed his opinion while working under Dr. Goodman's "close

14    supervision."

15    However, this Court need not resolve this issue.  Even if Mr. Malone was

16    considered an "acceptable medical source," the ALJ provided legally sufficient

17    reasons for discounting his opinion.  Mr. Malone's opinion was contradicted by the

18    treatment history and notes, clinical tests and MRI results, and consultative

19    examiner's assessment.  The opinion was also based primarily upon Plaintiff's

20

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

subjective complaints, which the ALJ reasonably found not credible. Accordingly, even under the higher standard applicable to "acceptable medical source" opinions, the ALJ's decision to discount Mr. Malone's opinion was supported by substantial evidence and must be sustained.

In essence, Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflicting assessments in favor of Mr. Malone's opinion. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's finding was supported by substantial evidence and is therefore sustained.

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB

# V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. The ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering his decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and Plaintiff's motion for judgment summary judgment is DENIED.

# V. ORDERS

**IT IS THEREFORE ORDERED** that**:**

Plaintiff's motion for summary judgment, **Docket No. 15**, is **DENIED.**

The Commissioner's motion for summary judgment, **Docket No. 22**, is **GRANTED**.

1    The District Court Executive is directed to file this Order, provide copies to

2    counsel, enter judgment in favor of the Commissioner and **CLOSE** the file.

3

4    DATED this 6th day of March, 2014.

5                                         /s/Victor E. Bianchini

6                                    VICTOR E. BIANCHINI
                                UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

DECISION AND ORDER – REUTOV v COLVIN 12-CV-00367-VEB